Further, there was no showing of an absence of prejudice to defendant if the action were restored. Once an action has been deemed dismissed under CPLR 3404 a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment. (See *Marco* v. *Sachs*, 10 N Y 2d 542; CPLR 5015, subd. [a], par. 1; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3404.05, 3404.06.) The application in this case fell far short of such proof. Delay in moving to reopen attributable to law office failure has been uniformly held to be an unacceptable excuse (*Trudel* v. *Laube's Amherst*, 40 A D 2d 625, 626; *Tepperman* v. *Peri*, 29 A D 2d 893, app. dsmd. 22 N Y 2d 703; *Sortino* v. *Fisher*, 20 A D 2d 25, 29). (Appeal from part of order of Erie Special Term granting motion to open default.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

THERESA ABBINANTI, Plaintiff, and JOSEPH F. ABBINANTI, Respondent, v. HERBERT E. BAISCH et al., Appellants.— Order unanimously reversed, without costs, and motion denied. Memorandum: The trial court granted defendant Joseph Abbinanti's motion to compel appellants to accept a bill of particulars more than one year after the preclusion order was entered and over one and one-half years after the demand for particulars was made. The only excuse offered by respondent for this delay was a law office failure in that he thought that he had served the husband and wife's bill of particulars together. In fact, only the wife's bill had been sent. Respondent's attorney was served with a 20-day preclusion order in the husband's action after he had served the wife's bill of particulars and this should have alerted him to the problem. We have repeatedly held that law office failures do not excuse a default. (*RVA Trucking* v. *Lane Constr. Corp.*, 35 A D 2d 773; *Gonsa* v. *Licitra*, 6 A D 2d 755.) Furthermore, there is no proper affidavit of merits accompanying the motion papers. The order of Special Term was an improvident exercise of discretion. (Appeal from order of Erie Special Term directing acceptance of bill of particulars.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MONROE JENNINGS, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

In the Matter of ADGIE L. COKER, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Appeal unanimously dismissed, without costs. Memorandum: This appeal from an order in an article 78 proceeding is not maintainable as of right (CPLR 5701, subd. [b], par. 1) and permission to appeal was not obtained. Since the order remits the proceeding to appellant for a hearing, had permission to appeal been sought herein we would have denied the application (see *Matter of Vicenzio* v. *City of Utica*, 30 A D 2d 771). (Appeal from order of Onondaga Special Term annulling determination revoking license.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY LEE MILLER, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismiss-

694

ing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN D. SCOTT, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See People ex rel. Wilder v. Markley, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD LIEBLER, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See People ex rel. Wilder v. Markley, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT TAYLOR, Appellant, v. ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent.— Judgment unanimously reversed and relator remanded to respondent for a hearing in accordance with the following memorandum: On July 6, 1970 upon relator's plea of guilty of robbery Erie County Court sentenced him to four years' imprisonment. On March 23, 1972 he was released on parole from Auburn Correctional Facility. Upon complaint of an alleged girlfriend, on April 25, 1972 he was arrested for assault and burglary; but both charges were withdrawn on April 27, and the complaints dismissed. Because of such arrest, however, relator was picked up and charged as a parole violator, declared delinquent and returned to Auburn Correctional Facility. By petition dated July 14, 1972 relator instituted this habeas corpus proceeding, alleging that he has been denied due process of law by being restrained of his parole liberty without a hearing, citing People ex rel. Menechino v. Warden (27 N Y 2d 376) and Morrissey v. Brewer (408 U. S. 471). County Court held that since the Morrissey decision was made after relator's return to Auburn, it did not apply, and also that relator's petition fails to meet the requirements of CPLR 7002 (subd. [c], pars. 1, 5) and dismissed the petition without a hearing. We agree that the Morrissey principle is not applicable herein. We find that the petition meets the requirements of CPLR 7002 (subd. [c], par. 1), and that although it does not contain an allegation that no appeal is pending from relator's conviction (par. 5), we do not find such allegation necessary for a consideration of the legality of relator's detention on his arrest for violation of his parole. Relator's petition expressly presented to the court the contention that he is being unlawfully restrained because the Parole Board did not give him a hearing before revoking his parole, as mandated by the Menechino holding. Although the petition is inartistically drawn, we think that it sufficiently presents the issue so as to require that the Attorney-General submit evidence to disprove it. Since he has not done so, we accept the allegation as true and remand relator to respondent for such hearing, at which relator may be represented by counsel. In the event that such hearing is not held within 30 days from the entry of this order, relator shall be restored to parole upon the terms of his original release on March 23, 1972. (Appeal from judgment of Cayuga County Court denying application for writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.

■ LYLE GREEN, Appellant, v. ONONDAGA COUNTY BAR ASSOCIATION, Respondent.— Motion for leave to appeal as a poor person and for other relief